IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-01058-EWN-MJW

JOJO HAMLIN,

Plaintiff,

v.

CHERYL SMITH, et al.,

Defendants.

---

## RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
### (Docket No. 4)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the undersigned pursuant to a General Order of Reference to United States Magistrate Judge issued by Chief Judge Edward W. Nottingham on July 26, 2007 (Docket No. 14).

At the same time he filed his Prisoner Complaint (Docket No. 3), plaintiff also filed a motion for Temporary Restraining Order (hereinafter "TRO") (Docket No. 4).  In accordance with a Minute Order by this court (Docket No. 24), defendants filed a response to the motion (Docket No. 31).  The court has reviewed the motion and the response and has considered the court's file and applicable statutes and case law.  The court now being fully informed makes the following findings, conclusions, and recommendation that the motion be denied.

2

In his motion, plaintiff claims he is in need of a TRO in order to stop the defendants from retaliating against him by moving him from Fort Lyons Correctional Facility (hereinafter "FLCF") until his claims have been resolved. Plaintiff claims that there is no facility within the Colorado Department of Corrections (hereinafter "CDOC") "with a better environment for Wiccans, this facility has trees, grass, animals, birds, ect.[sic]." (Docket No. 4 at 1, ¶ 2(a)). In addition plaintiff claims that even though the Wiccan service at FLCF is inadequate, it at least has a partial one, whereas other correctional facilities have worse or none. Plaintiff contends that he "should be able to request items, time and space for [his] religious use without being punished for it, and D.O.C. has been getting away with it, but this Court can prevent further retaliation." (Docket No. 4 at 1, ¶ 2(c)). According to plaintiff, "[t]he past conduct of Defendants leaves no doubt in Plaintiffs [sic] mind the Defendants will perform a retalitory [sic] move to plage [sic] Plaintiff with the hardship of litigation." (Docket No. 4 at 1, ¶ 3).

Defendants respond that the plaintiff's motion for a TRO should be denied because the plaintiff has failed to plead, much less demonstrate, any of the elements for entry of such relief. They assert that other than his conclusory statements, he offers no explanation whatsoever in any of his submissions as to why he is likely to succeed on the merits of his claims. In addition, defendants contend that as set forth in their motion to dismiss (Docket No. 28), plaintiff's federal claims fail due to (1) the CDOC employees' immunity from liability, (2) lack of personal participation, (3) the Prison Litigation Act's bar to his claims for damages, and (4) the failure as a matter of law of plaintiff's claim for damages under the Religious Land Use and Institutionalized

3

Persons Act.  In addition, defendants assert that plaintiff's state law claim fails because it is barred by the Colorado Governmental Immunity Act and because plaintiff cannot obtain relief under § 17-42-101, C.R.S.  Furthermore, defendants assert that plaintiff has no legal basis for his request not to be transferred and no right to any hearing concerning his classification or transfer.  Finally, defendants contend that there is no irreparable injury to plaintiff if his motion is denied, that the threatened injury to plaintiff does not outweigh the injury to defendants, and that the injunction is adverse to the public interest.

> The Tenth Circuit has stated that
>
> [i]n hearings upon motions for temporary or preliminary injunctive relief, the burden is upon the one requesting such relief to make a prima facie case showing a reasonable probability that he will ultimately be entitled to the relief sought.  The applicant has the additional burden of showing a right to the specific injunctive relief sought because of irreparable injury that will result if the injunction is not granted.  **There must exist a probable right and a probable danger.**

Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980) (quoting Crowther v. Seaborg, 415 F.2d 437, 439 (10th Cir. 1969)) (emphasis added).  The above test has been expanded into four factors which the party seeking injunctive relief must establish:

> (1) substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

Id.  Furthermore, "[t]he party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable

4

relief to prevent irreparable harm." Heideman v. South Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003) (emphasis in original).

Plaintiff has not met his burden of proof on any of these factors.  At best, he has merely stated vague speculation that he might be transferred and that the ability to practice his religion at other facilities will be hampered.  The court notes that plaintiff's motion was received by the court almost six months ago on May 8, 2007, yet plaintiff is still housed in FLCF.  Therefore, his fear of a retaliatory transfer has not been realized to date.  Furthermore, plaintiff "has no justifiable expectation that he will be incarcerated in any particular prison . . . . " Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

**WHEREFORE,** for the foregoing reasons, it is

**RECOMMENDED,** that plaintiff's motion for motion for Temporary Restraining Order (Docket No. 4) be denied.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411,**

5

**1412-13 (10th Cir. 1996).**

Dated:  November   05, 2007      s/Michael J. Watanabe
       Denver, Colorado               Michael J. Watanabe
                                            United States Magistrate Judge