IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 07-cv-01058-CBS-KMT

JOJO HAMLIN,
    Plaintiff,
v.

CHERYL SMITH, Assistant Warden,
CURTIS ROBINETTE, Programs Manager,
ALAN TRUJILLO, Security Captain,
RAE TIMMIE, Security Major,
LOU ARCHULETA, Warden, and
ARISTEDES ZAVARAS, Executive Director,
    Defendants.

_____

ORDER
_____

    This civil action comes before the court on Mr. Hamlin's "Motion for Judgment and to Request Assistance of Counsel" (filed October 29, 2009) (doc. # 99). By an Order dated October 8, 2009, the above-captioned case was referred to Magistrate Judge Craig B. Shaffer to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2. (*See* doc. # 91).

1.    Mr. Hamlin seeks entry of judgment on his Amended Complaint (doc. # 11). On November 19, 2008, without leave of court, Mr. Hamlin filed a Second Amended Complaint, naming an additional Defendant and adding factual allegations. (*See* doc. # 69). As the Second Amended Complaint has not been permitted by the court, it has not been served on the new Defendant. On October 20, 2009, Defendants filed their

Answer to the Amended Complaint within the time limit allowed by the court.  (*See* # 94).  The court has set a status conference on December 9, 2009 to clarify how the parties wish to proceed with this action.  (*See* doc. # 97).  There is no basis at this time for entering judgment in favor of Mr. Hamlin on his Amended Complaint.

2.	Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer.  *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983).  Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case").  However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel."  *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights."  *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted).  In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims."  *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir.

2004) (citations omitted).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Hill*, 393 F.3d at 1115 (citation omitted).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned."  *Hill*, 393 F.3d at 1115 (citation omitted).

    The court has given careful consideration to Mr. Hamlin's request for appointed counsel and to all of the appropriate factors.  As a *pro se* litigant, Mr. Hamlin is afforded a liberal construction of his papers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The issues in the case are not particularly complex.  Mr. Hamlin has thus far adequately presented his claims unaided by counsel.  At this stage of the proceedings and upon review of the Amended Prisoner Complaint (doc. # 11), the court is within its discretion in declining to request counsel to represent Mr. Hamlin.

    Accordingly, IT IS ORDERED that Mr. Hamlin's "Motion for Judgment and to Request Assistance of Counsel" (filed October 29, 2009) (doc. # 99) is DENIED.

    DATED at Denver, Colorado, this 30th day of October, 2009.

                                                          BY THE COURT:

                                                        s/Craig B. Shaffer
                                                        United States Magistrate Judge